IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| LYNDSEY RYAN COX, | § | |
| | § | |
| Applicant, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-954-A |
| | § | |
| ERIC D. WILSON, WARDEN, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

On November 27, 2018, Lyndsey Ryan Cox ("applicant") filed in the United States District Court for the Eastern District of Texas, Sherman Division, in Case No. 4:13-CR-00206, a document titled "Amended Motion for Sentence Nunc Pro Tunc." Doc.[1] 1. The motion was interpreted as an application under 28 U.S.C. § 2241 and transferred to this court inasmuch as applicant is incarcerated in this district. Doc. 3. Applicant seeks sentence credit for the time he participated in inpatient treatment at a private facility, from November 29, 2013, to June 23, 2014.

I.

Background

On July 15, 2013, applicant was arrested and jailed in Collin County, Texas, for online solicitation of a minor, sexual

---

[1] The "Doc.___" reference is to the number of the item on the docket in this action.

conduct. Doc. 16 at APP.2, APP.6. On July 24, 2013, United States Magistrate Judge Don D. Bush ("Magistrate Judge Bush") for the Eastern District of Texas, Sherman Division, issued a writ of habeas corpus ad prosequendum for applicant. Id. at APP.2, APP.8. On July 29, 2013, applicant was taken into federal custody. Id. at APP.2, APP.10-12. State authorities decided not to prosecute applicant, deferring instead to federal authorities. Id. at APP.2, APP.14. On November 19, 2013, Magistrate Judge Bush held a detention hearing and, by order signed November 26, 2013, ordered that applicant "be released into the custody of his parents to be immediately delivered to in-patient treatment." Id. at APP.3, App.16. "Upon completion of the in-patient treatment program" applicant was to "be returned to the custody of the U.S. Marshal." Id. at APP.16. On June 23, 2014, applicant was discharged from the inpatient treatment facility and returned to federal custody. Doc. 1 at 2. On September 24, 2014, applicant was sentenced to a term of imprisonment of 120 months. Doc. 16 at APP.19. He was awarded prior custody credit from the date of his arrest on July 15, 2013, until he was released to his parents to transport him to the inpatient treatment center. Id. at APP.3, APP.28. He also received credit for the period from June 23, 2014, when he was released from the inpatient treatment center until September 23, 2014, the day before he was sentenced. Id.

II.

Relief Sought

Applicant urges that he should receive credit for the 7 month time period he spent at the inpatient treatment facility. He says that he had an agreement with the United States Attorney that he would receive such credit and that Magistrate Judge Bush approved such agreement. Doc. 1 at 2. He says that the sentencing judge did not address the agreement in the judgment "mistakenly believing that the Federal Bureau of Prisons would calculate the sentence accordingly." Id. He does not cite any authority beyond 18 U.S.C. § 3585(b) in support of his application.

III.

Analysis

The transcript of the plea hearing, which applicant has attached to his motion, reflects only that applicant's counsel recited the agreement that "the time in the [inpatient treatment facility] could be counted towards his sentence," to which Magistrate Judge Bush responded, "Oh, okay. Well, good. All right. Then he'll get credit for that time." Doc. 1 at PageID[2] 20. Of course, Magistrate Judge Bush did not have authority to make that determination.

---

[2]The "PageID __" reference is to the page number assigned by the court's electronic filing system.

At the sentencing hearing, applicant's counsel addressed the sentencing judge:

> One of those agreements was that the PSR, on the front page, said "Release Status," and it indicates that [applicant] was released like he was on a bond and then returned--released November 13th and returned in June of this year, for seven months. Mandy Griffith and I had agreed he was released, not on a bond per se, but he released to go for inpatient treatment that his parents, here, paid for sex-offender [treatment]. And then, as soon as the treatment was completed, he went right back into custody. Mandy Griffith, when we--when the parents were able to obtain that money and we approached Judge Bush about him going to treatment, Mandy and I had agreed that, however the court could factor that, he would get credit for that time, too, against his 120-month sentence.

Id. at PageID 24-25. The judge noted that the Bureau of Prisons would calculate whatever credit applicant was entitled to and that he would not include in the judgment any instruction of the sort applicant was requesting. Id. at PageID 25-26. He noted that the Bureau of Prisons might well give applicant credit, but that was something to take up with the Bureau. Id. at PageID 26. The record belies the notion of any mistaken belief by the judge.

Even assuming the record supported applicant's allegations, he would not be entitled to relief. Section 3585 of Title 18 determines when a federal sentence commences and whether credit against that sentence must be granted for time spent in official detention before the sentence began. Reno v. Koray, 515 U.S. 50,

4

55 (1995). The statute provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> (b) Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-
>   (1) as a result of the offense for which the sentence was imposed; or
>   (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). The United States Attorney General is responsible for sentence computation. United States v. Wilson, 503 U.S. 329, 334-35 (1992). This authority has been delegated to the Bureau of Prisons. Id. The statute does not authorize the district court to award credit for time served and the court would be acting beyond its jurisdiction in undertaking to do so. United States v. Juarez-Velasquez, 763 F.3d 430, 436 (5th Cir. 2014)(citing cases). Further, and in any event, time spent at a treatment facility upon arrangements by his parents is not time spent in official detention. Reno, 515 U.S. at 57; Siebert v. Chandler, 571 F. App'x 328, 328-29 (5th Cir. 2014); King v. Mejia, No. 3:15-CV-811-B, 2016 WL 7638144, at *2 (N.D.

5

Tex. Nov. 14, 2016), <u>report and recommendation accepted</u>, 2017 WL 53277 (N.D. Tex. Jan. 4, 2017).

IV.

Order

The court ORDERS that all relief sought by applicant be, and is hereby, denied.

SIGNED March 4, 2019.

_____
JOHN McBRYDE
United States District Judge